IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Justin Roberson, as administrator of the Estate of Michael Steward, Jr., Deceased, and Justin Roberson, individually and as Plaintiff Ad Litem for Michael Steward, Jr.<br>Plaintiffs,<br>vs.<br>SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital-St. Louis,<br>Defendant. | )<br>)<br>)<br>) Case Number:<br>) Jury Trial Demanded<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

NOW COME, the Plaintiffs, Justin Roberson, as Administrator of the Estate of Michael Steward, Jr., deceased, and Justin Roberson, individually and as Plaintiff Ad Litem for Michael Steward, by and through their attorneys, Kelly & Bracey Law Offices, and in complaining of the Defendant SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital-St. Louis, allege and state as follows:

## PARTIES

1. At all times material hereto, Plaintiff Justin Roberson was an adult individual residing in Knox County, Illinois and the brother of Michael Steward, Jr., deceased.

2. Justin Roberson, was appointed the Administrator of the Estate of MichaelSteward, Jr. on October 19, 2020. Order attached hereto as Exhibit A.

3. At all times material hereto Defendant SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital-St. Louis (hereinafter referred to as St. Mary's Hospital) was a hospital located at 6420 Clayton Road, St.Louis, MO 63117-1811.

4. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000 and the parties reside in different states.

5. Venue is proper under 28 U.S.C. § 1391 since Defendant resides in the jurisdiction of this

Court.

## General Allegations of Fact

6. On or about March and April 2019 Michael Steward, Jr. received medical care from St. Mary's Hospital.

7. On or about March and April 2019, and at all times mentioned herein duly authorized employees and/or agents of St. Mary's Hospital provided medical care and services to Michel Steward, Jr..

8. On or about March and April 2019, and at all times relevant hereto, physicians and nurses staffed at St. Mary's Hospital were authorized apparent agents of Defendant and were acting within the scope of their apparent agency.

9. On or about March and April 2019, and at all times relevant hereto, Plaintiffs and Michael Steward, Jr. were never informed that the physicians, nurses, and assistants were not agents of Defendant.

10. On or about March and April 2019, and at all times relevant hereto, Plaintiff and Michael Steward, Jr. reasonably relied upon Defendant and agents/employees to provide Michael Steward, Jr. with complete medical care and nursing service

11. Michael Steward suffered from urinary track infection while in the care of Defendants.

12. Michael Steward suffered respiratory distress.

13. On April 12,2019, Michael Steward, Jr. died of acute hypoxic respiratory failure.

14. On and about March and April 2019, and at all times relevant hereto, Defendant and employee/agents had the duty to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful physicians, nurses, and hospitals, in the same or similar circumstances.

15. On or about March and April 2019, and at all times relevant hereto, Defendant and agents/employees were professionally negligent in the following ways:

    a. failed to take reasonable steps to see that appropriate medical attention was given to Michael Steward, Jr. when it was known, or should have been known, that such care was urgently needed;

    b. Failed to provide necessary treatment and services to Michael Steward, Jr. to minimize physical and mental harm;

    c. Failed to properly monitor urinary track infection.

    d. Failed to prevent acute hypoxic respiratory failure.

    e. Failed to monitor Mr. Steward's airways to make sure they were not obstructed.

    f. Caused or contributed to the acute hypoxic respiratory failure by causing obstruction to Mr. Steward's airways.

16.    Several nurses fell below the minimum standard of care and constituted negligence for the following reasons:

    a. Victoria Destura [Registered Nurse 04.09.2019, 08:00 PM St. Mary's Hospital]

    1. Failure to report changes in the patient's condition

    b. Sean Beindorff [Registered Nurse, 04.09.2019, 04:05 AM, St, Mary's Hospital]

    1. Failure to use correct equipment

    2. Failure to replace equipment that is not working properly

    c. Sharma Yogesh [Registered Nurse, 04.11.2109, 02:45 AM, St. Mary's Hospital]

    1. Failure to document communication to physician clarifying CPAP orders

    2. Failure to report changes in the patient's clinical status

    d. Samantha Bryarly [Registered Nurse, 04.12.2019 05:20 AM, St. Mary's Hospital]

    1. Failure to properly monitor the patient's condition

17.    As a result of the failure of care by Victoria Destura, RN, Sean Beindorff, RN, Sharma Y ogesh, RN, and Samantha Bryarly, RN, Michael Steward experienced a

cardiac arrest and subsequent death.

18. At the time of the April 7, 2019, admission Michael Steward was then a 56-year-old male with quadriplegia, neurogenic bladder, hypertension, hyperlipidemia, diabetes mellitus and obstructive sleep apnea.

19. Michael Steward, Jr. was admitted with fever, chills, and dysuria.

20. Michael Steward was diagnosed with UTI and treated with Meropenem IV.

21. On admission, Dr. Ramona Aitkin noted that Michael Steward had known obstructive sleep apnea but was not treated with CPAP because, "he did not bring his CPAP mask with him", despite falling asleep on exam.

22. On 4-9-2019, Thomas Schlatenbrand, Respiratory Therapist, decided not to provide the patient with CPAP and instituted capnography monitoring.

23. On 4-10-2019, Dr. Ramona Aitkin in consultation with Dr. Amanuel Yohannes ordered CPAP at night.

24. On 4-11-2019 Yogesh Sharma, RN noted that the patient was having 16 second periods of apnea and increased secretions.

25. Respiratory therapist, Obasi's Ubi was notified and concluded that the patient, "was not a candidate for CPAP therapy."

26. On 4-11-2019 Michael Steward developed increased confusion and altered mental status and Dr. Amanuel Yohannes was notified by Cheryl Tate, RN at 8:13 P.M.

27. On 4-12-22 Michael Steward was found unresponsive, and a code blue was called at 2:51 A.M. Michael Steward expired from acute respiratory arrest.

28. Within a reasonable degree of medical probability, Dr. Ramona Aitkin and Dr. Amanuel Yohannes departed from accepted standards of care in the treatment rendered to Michael Steward.

29. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to adequately monitor Michael Steward for impending respiratory failure.

30. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to properly monitor ETCO2 and O2 saturation.

31. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to monitor Michael Steward's respiratory status and provide follow-up.

32. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to recognize signs of impending respiratory failure.

33. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to adequately supervise the respiratory therapists and nursing staff caring for Michael Steward.

34. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to adequately communicate orders to the respiratory therapists and nursing staff and to follow up on the institutions of these orders.

35. Dr. Ramona Aitkin and Dr. Amanuel Yohannes failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances, and such failure to use such reasonable care directly caused or directly contributed to Michael Steward's death.

36. At all times relevant hereto the above named physicians and nurses were employees and agents of Defendant and were acting within the scope of their employment.

37. The doctrine of vicarious liability applies to the claims made herein against Defendant.

38. Defendant is vicariously liable for the actions and choices of its employees and agents, including the physicians, physician's assistants and nurses who provided medical care to Michael Steward, Jr.

### Count I Medical Malpractice and Wrongful Death

39. Plaintiffs incorporate by reference all applicable allegations from paragraphs 1-38 as set forth herein above.

40. Pursuant to RSMO § 537.090, Plaintiffs bring claims of wrongful death against the Defendant.

41. The injuries that led to Michael Steward, Jr.'s death were the direct and proximate result of the carelessness, faults and omissions of Defendant, by and through the actions and choices of the above named physicians and nurses or other employees of St. Mary's Hospital, who did not exercise the degree of skill and learning possessed by other members of their profession in one or more of the ways stated above.

42. Defendant and its employees and agents had a duty to provide good, safe medical care to Michael Steward, Jr.. Defendant's choices and actions through its agents, individually and collectively, caused needless, preventable harm to their patient. Had good, safe and timely medical choices been made, as the standards of medical care require, Michael Steward, Jr. would not have suffered acute respiratory arrest that led to his death.

43. That the negligent acts and omissions of the Defendant and its employees and agents as set out above directly caused or directly contributed to cause pain, suffering and ultimately the death of Michael Steward, Jr., thereby resulting in damages to Plaintiffs, including loss of the reasonable non-economic value of services, companionship, comfort, instruction, emotional support, and economic damages for past medical expenses, funeral expenses, and statutory pecuniary damages under RSMO § 537.090. The damages suffered by Michael Steward, Jr. before his death survive him through his Plaintiff Ad Litem Justin Roberson.

### Count II Medical Malpractice Personal Injury/ Lost Chance of Survival

44. Plaintiffs incorporate by reference all applicable averments from paragraphs 1-43 as set froth herein above.

45. Because of the negligent failure by Defendant, through its employees and agents, to adequately monitor Michael Steward and provide appropriate medical care as stated above—Michael Steward, Jr. lost the chance to survive.

46. Under the common law of the State of Missouri, damages springing from the lost chance of survival of Michael Steward, Jr., his pain, suffering and physical distress during the last days of his life survive him through his Plaintiff Ad Litem, Justin Roberson.

Wherefore, under Count II of the Complaint for Lost Chance of Survival and survivorship damages, Plaintiff Ad Litem Justin Roberson pray that the Court grant Plaintiff judgment against Defendant, pray that the Court grant Plaintiffs judgment against Defendant for actual and compensatory damages in a sum that is fair and reasonable, for Plaintiff's costs herein and for such other relief as is just and proper under the circumstances.

Respectfully submitted,

/s/ Michael G. Kelly

_____
Michael G. Kelly
Attorney for the
Plaintiffs

Kelly & Bracey Law Offices
77 W. Washington St. #1415
Chicago, IL 60602
(312) 445-9500
mkelly@kellybraceylaw.com
IL Bar NO. 6273989