UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN ROBERSON, *as administrator of the Estate of Michael Steward, Jr. Deceased, and individually and as Plaintiff Ad Litem for Michael Steward, Jr.*, <br><br> Plaintiff, <br><br> vs. <br><br> SSM HEALTH CARE ST. LOUIS d/b/a SSM HEALTH ST. MARY'S HOSPITAL, <br><br> Defendant. | Case No. 4:23-cv-01400-MTS |

**MEMORANDUM AND ORDER**

Before the Court are Defendant SSM Health St. Mary's Hospital's Motions to Dismiss, Docs. [9], [16], and Plaintiff Justin Roberson's Motion for Leave to File Amended § 538.225 Affidavit, Doc. [18].  On November 3, 2023, Plaintiff filed his Complaint for Damages, Doc. [1], and attached an Affidavit of Merit[1] to the Complaint, Doc. [1-4].  On December 20, 2023, Defendant filed its first Motion to Dismiss Count II, then on February 15, 2024, 104 days after the Complaint was filed, Defendant filed its second Motion to Dismiss alleging failure to follow the statutory requirements of Mo. Rev. Stat. § 538.225 in its Affidavit.  For the reasons to follow, the Court will grant Defendant's Motion to Dismiss Count II, Doc. [9], deny Defendant's Motion to Dismiss, Doc. [16] and grant Plaintiff's Motion for Leave to File Amended Affidavit, Doc. [18].

**I.   Background**

On or around March or April 2019, Michael Steward, Jr.—who has since died—submitted himself to the care of St. Mary's Hospital ("St. Mary's") in St. Louis, Missouri.  Doc. [1] ¶¶ 6, 18.

---

[1] Although filed as a "Declaration," the filing is in essence an Affidavit of Merit, required by Mo. Rev. Stat. § 538.225. Doc. [1-4].

At the time of his admission, Steward, Jr. was a 56-year-old quadriplegic exhibiting signs of fever, chills, and dysuria. *Id.* ¶¶ 18-19. During this time, Steward, Jr. received medical care from duly authorized employees of St. Mary's. *Id.* ¶ 7. However, while under the care of the hospital, Steward, Jr. suffered from a urinary tract infection and respiratory distress. *Id.* ¶¶ 11-12. Later, on April 12, 2019, Steward, Jr. experienced cardiac arrest and subsequently died from acute hypoxic respiratory failure. *Id.* ¶¶ 13, 17. Plaintiff Justin Roberson is the deceased's brother, and following the death of his brother, Roberson was appointed the administrator of Michael Steward, Jr.'s estate.

On April 12, 2021, Plaintiff filed an initial Complaint in the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, in the State of Illinois asserting claims for wrongful death, under the Illinois Wrongful Death Act, 740 ILCS 180/1, and pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.[2] Doc. [15-1] at 3-4. On April 12, 2022, Plaintiff filed a Petition in the Circuit Court of St. Louis County, in the State of Missouri. *See Roberson v. SSM Health St. Mary's Hospital*, 22SL-CC02168; *see also* Doc. [9-1]. This Petition asserted only a cause of action for wrongful death.[3] *Id.* A year later, and within the one-year savings statute, *see* Mo. Rev. Stat. § 516.230, Plaintiff filed this action alleging claims for (1) "Medical Malpractice and Wrongful Death and (2) Medical Malpractice Personal Injury/ Lost Chance of Survival." Doc. [1].

**II.     Discussion**

1. Motion to Dismiss Count II

In its first Motion to Dismiss, Defendant seeks dismissal of Count II of Plaintiff's Complaint for damages because Count II asserts a medical malpractice personal injury action that was not asserted in the previously filed state action. Under Missouri law, medical malpractice

---

[2] The Illinois Complaint was dismissed with prejudice for lack of personal jurisdiction. *See* Doc. [15-4].
[3] This Petition was also dismissed, this time without prejudice. *See* Doc. [9-2].

actions must generally be brought within two years of the date of the alleged act of negligence—in this case, April 12, 2019. *See Newton v. Mercy Clinic E. Cmtys.*, 596 S.W.3d 625, 627 (Mo. banc 2020) (citing Mo. Rev. Stat. § 516.105). None of the exceptions tolling the statute of limitations are present.[4] Section 516.230 allows a plaintiff to "commence a new action from time to time, *within one year after such nonsuit* suffered." Mo. Rev. Stat. § 516.230 (emphasis added). However, the statute contains a caveat that the action must "have been commenced within the times respectively provided in section[] [516.105]." *Id.* As such, by statute the medical malpractice personal injury action, pursuant to § 516.105, was required to be brought on or before April 12, 2021. However, Plaintiff filed his Petition in Missouri state court on November 3, 2022, and this Complaint on November 3, 2023, both of which are after the afforded statutory limit. Doc. [1].

Despite the time discrepancy, Plaintiff urges the Court to consider his Complaint previously filed in Illinois as the original Complaint, and to allow for Count II to "relate back" to the Illinois Complaint. However, Plaintiff cites no authority allowing the relation back doctrine to extend to complaints previously filed in different actions. While Rule 55.33(c) allows an amendment to relate back to the date of the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," Plaintiff has cited no case law detailing how the Court would, in fact, relate back to the Complaint filed in Illinois. Mo. R. Civ. P. 55.33(c).

"Missouri Rule 55.33(c) is derived from Rule 15(c) of the Federal Rules of Civil Procedure," and as such, Rule 55.33(c) is interpreted "to embody" Rule 15(c)'s rationale. *See*

---

[4] "There are four circumstances under which the two-year statute of limitations may be tolled. Three of the exceptions are statutory: (1) when a foreign object is left in the body, (2) when there is a negligent failure to inform the patient of medical test results, and (3) when the person bringing the action is a minor younger than 18 years of age." *Newton*, 596 S.W.3d at 627 (citing Mo. Rev. Stat. § 516.105).

*Thomas v. U.S. Bank N.A., N.D.*, 5:11–cv–6013–SOW, 2014 WL 11309991, at *9 (W.D. Mo. May 9, 2014). Contrary to Plaintiff's position, "[b]y its plain terms, Rule 15(c) does not authorize a free-for-all that permits tardy litigants to relate back to a complaint in one case to a complaint filed in a different case." *See Smith v. Nordex USA, Inc.*, 4:22-cv-1421, 2023 WL 1111828, at *2 (S.D. Tex. Jan. 30, 2023); *see also Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) ("Rule 15's text contemplates that the relevant filings will arise in the same case.  It does not say that an amendment can 'relate[ ] back to the date' of any pleading filed anywhere . . . . The use of the definite article ('the') shows that Rule 15 refers to one specific document." (citation omitted)).

Plaintiff claims if the initial Illinois suit "had been filed in Missouri, it would have been filed within the medical malpractice statute of limitations." Doc. [15] at 3. However, it was not. As such, it cannot be said that the medical malpractice claim was asserted within two years of Steward, Jr.'s death, nor can it be said that the relation back doctrine applies.[5]  Therefore, Count II of Plaintiff's Complaint is dismissed.

    2. <u>Motion to Dismiss Complaint for Damages</u>

Next, Defendant contends that Plaintiff's remaining Complaint for Damages should be dismissed because Plaintiff's Declaration is insufficient. Section 538.225 of the Missouri Revised Statutes requires an affidavit to be filed with the Court when bringing an action "against a health care provider for damages for personal injury or death" as a result of "the failure to render health care services." This affidavit is generally known as an affidavit of merit. *See Giudicy v. Mercy Hosps. E. Cmtys.*, 645 S.W.3d 492, 497 (Mo. banc 2022) (citing *Hink v. Helfrich*, 545 S.W.3d 335,

---

[5] The savings clause within Mo. Rev. Stat. § 516.230 is also unfruitful for Plaintiff because Missouri has opted against extending the savings clause as would be necessary for Plaintiff's argument.  *See State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 586 (Mo. banc 2018) (explaining that a "plaintiff may not suffer an indefinite number of nonsuits and institute an indefinite number of actions provided each successive new action be brought within one year of the preceding nonsuit").

337 (Mo. banc 2018)).  Section 538.225 requires the affidavit of merit to state that Plaintiff "has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider" under the circumstances and that the "failure to use such reasonable care directly caused or directly contributed to the damages claimed."  Mo. Rev. Stat. § 538.225.1.  Further, the affidavit of merit "*shall* state the name, address, and qualifications of such health care providers to offer such opinion" and "*shall* be filed no later than ninety days after filing the petition," unless an additional ninety days is granted for good cause shown.  *Id.* § 538.225.3-.5. (emphasis added). "If the plaintiff or his attorney fails to file such affidavit the court *shall*, upon motion of any party, dismiss the action against such moving party without prejudice."  *Id.* § 538.225.6. (emphasis added).

Here, counsel for the Plaintiff completed and attached the Affidavit of Merit to the Complaint.  Defendant argues that the submitted Affidavit of Merit fails to meet the statutory requirements of § 538.225.1 and 538.225.3.  Specifically, Defendant alleges that Plaintiff failed to state (1) he obtained a written opinion of a legally qualified health care provider; (2) that Defendant failed to use such care as a reasonably prudent health care provider would under the circumstances, and the failure caused damages; and (3) the address of the health care provider to offer such an opinion.[6]

Section 538.225 was enacted "to cull at an early stage of litigation suits that lack even the color of merit, to protect the public and litigants from the cost of unfounded medical malpractice claims and to weed out frivolous lawsuits."  *Ferder v. Scott*, 556 S.W.3d 100, 102 (Mo. Ct. App.

---

[6] Defendant also alleges that Plaintiff's electronic signature is "questionable" and "not notarized" in compliance with § 538.225.  Doc. [17] at 3.  However, § 538.225 does not contain a requirement that the affidavit be physically signed or notarized, and Defendant has failed to present an argument detailing why Plaintiff's counsel's signature must be notarized.  *Cf.* E.D. Mo. L.R. 2.11.

2018). Missouri courts have considered the language regarding the affidavit requirement "unambiguous and mandatory." *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 271 (Mo. banc 2014). However, the Missouri Supreme Court has assumed that substantial compliance may be acceptable for the requirements of § 538.225. *See Giudicy*, 645 S.W.3d at 502 ("To the extent substantial compliance with section 538.225 is possible, Giudicy failed to substantially comply."); *see also Ferder*, 556 S.W.3d at 101-03 (holding that the plaintiff "substantially complied with the statutory requirements" of § 538.225 where "the affidavit complies in all substantive ways—if not in form—with the statute"); *see also Mayes*, 430 S.W.3d at 272 ("If section 538.225 allowed for substantial compliance, a party would have to file, at the very least, the required information with the trial court.").

> Plaintiff's Affidavit provides:
>
> I have received the written opinion of a physician board certified in internal medicine with subspecialties in pulmonary medicine, sleep medicine, and critical care who has reviewed the medical care and treatment rendered by Defendant SSM Heath [C]are St. Louis d/b/a SSM Health St. Mary's Hospital, by and through its nurses, physicians, or other agents, that such care and treatment fell below the accepted standards of care and caused or contributed to cause harm and damage to Michael Steward, Jr., deceased.
> The identity of said physician is Francis J. Averill, M.D., from Clearwater, Florida.

Doc. [1-4]. Although technically deficient in that it fails to use the language provided within the statutory requirements and failed to list a specific address, Plaintiff has substantially complied with the statute. As mentioned, the purpose of the affidavit requirement is to weed out frivolous lawsuits. Plaintiff has demonstrated that Francis Averill, M.D. is a "legally qualified health care provider" when stating that he is "board certified" and "currently in active practice." *See* Mo. Rev. Stat. § 538.225.2 ("[T]he term 'legally qualified health care provider' shall mean a health care provider licensed in this state *or any other state* . . . and [ ] actively practicing" (emphasis added)).

It also cannot be said that Plaintiff's Affidavit failed to satisfy the remaining requirements of § 538.225. To find that Plaintiff failed to comply with the requirements because the Affidavit did not use the phrase "reasonably prudent health care provider licensed in this state" or other verbatim phrases from § 538.225.1 fails to recognize that Plaintiff, in fact, certified that the opinion states that "such care and treatment fell below the accepted standards of care and caused [] harm and damage." Doc. [1-4]. Furthermore, albeit true that the Affidavit does not provide a full address for Dr. Averill, the location is substantively sufficient. *See Ferder*, 556 S.W.3d at 272 (explaining that an affidavit that "provides all the information needed to notify the court that plaintiff's claims . . . were not frivolous" "complies in all substantive ways"). As such, because Plaintiff's Affidavit of Merit substantially complies with the requirements of Mo. Rev. Stat. § 538.225, the Court will deny Defendant's Motion to Dismiss, Doc. [16], and alternatively, grant Plaintiff leave to amend.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II, Doc. [9], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, Doc. [16], is **DENIED**, and Plaintiff's Motion for Leave to File Amended § 538.225 Affidavit, Doc. [18], is **GRANTED**.

Dated this 23rd day of April 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE