**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN ROBERSON, *as administrator of the Estate of Michael Steward, Jr. Deceased, and individually and as Plaintiff Ad Litem for Michael Steward, Jr.*,  ) ) ) ) ) | |
| Plaintiff,  ) ) | |
| vs.  ) ) | Case No. 4:23-cv-01400-MTS |
| SSM HEALTH CARE ST. LOUIS d/b/a SSM HEALTH ST. MARY'S HOSPITAL,  ) ) ) | |
| Defendant.  ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Justin Roberson's "Motion to Allow Updated Physician's Report and Extension of Time to Respond to Motion for Summary Judgment." Doc. [48]. Defendant SSM Health Care St. Louis ("SSM Health") opposes the motion. Doc. [49]. For the reasons that follow, the Court will grant the motion in part and deny it in part.

\*

This wrongful-death action arises out of the care that Michael Steward, Jr. received at St. Mary's Hospital in St. Louis, Missouri, where he died. Plaintiff Justin Roberson, Mr. Steward's brother, filed suit on November 03, 2023, alleging that medical negligence committed by SSM Health's employees caused his brother's death. Doc. [1] ¶ 41. He seeks damages pursuant to Missouri Revised Statutes § 537.080–90. *Id.* ¶ 40.

To aid the course of this litigation, the Court issued a Case Management Order setting forth relevant deadlines, many pertaining to discovery. Doc. [31]. Under that Order, Plaintiff was required to complete his expert disclosures no later than January 31, 2025. Doc. [31] at 1; *see* Fed.

R. Civ. P. 26(a)(2).  Complying with that deadline, Plaintiff submitted an expert report authored by Dr. Francis J. Averill, opining that two of Mr. Steward's doctors failed to render treatment consistent with the accepted standards of care and that their failure "directly caused or directly contributed to Mr. Michael Steward's death."  Doc. [46-1] at 4.  According to Defendant, this initial report was deficient because neither of the two doctors at issue were SSM Health employees. *See Wilcox v. United States*, 881 F.3d 667, 670 (explaining that, to hold a hospital liable for medical negligence, Missouri law requires employment relationship between the hospital and the allegedly negligent doctor (citing *Jefferson ex rel. Jefferson v. Mo. Baptist Med. Ctr.*, 447 S.W3d 701, 705 (Mo. Ct. App 2014))).  At an informal status conference held to discuss this matter as well as related scheduling issues, the Court gave the parties leave to file an amended Joint Scheduling Plan to assist in setting a new case schedule.  The amended schedule allowed Plaintiff to update Dr. Averill's expert report, granted Plaintiff additional time to produce Dr. Averill for deposition, and extended Defendant's respective expert disclosure deadlines.  *See* Docs. [39], [42].

Plaintiff timely submitted Dr. Averill's updated report.  In it, Dr. Averill supplemented his prior opinions by discussing the conduct of two SSM Health respiratory therapists.  He opined that they, "within a reasonable degree of medical probability[,] departed from accepted standards of care in the treatment rendered to Mr. Michael Steward."  Doc. [46-6].  From Defendant's perspective, however, the updated report was *still* deficient because—in contrast to the two non-employee doctors discussed above—the updated report contained no opinion that the two therapists' purportedly negligent conduct *caused* Mr. Steward's death.  Defendant notified Plaintiff of the defect, Doc. [48] ¶ 2, and on April 21, 2025, moved for summary judgment on that basis. Doc. [45] ¶ 7 ("In the absence of admissible evidence establishing causation, Plaintiff cannot

establish an element essential to the case and summary judgment is appropriate." (citing *Cantrell v. Coloplast Corp.*, 76 F.4th 1113, 1116 (8th Cir. 2023))).

Plaintiff received a third report from Dr. Averill on May 08, 2025, and filed the instant motion on May 12, 2025. Doc. [48] ¶ 3; Doc. [48-2] (newest report). The new report repeats much of Dr. Averill's prior opinions but, as relevant here, adds a new opinion that "the respiratory therapists' negligence, the nursing staff's negligence and Saint Mary Hospital's negligence . . . contributed to Mr. Michael Steward's death." Doc. [48-2] at 4. Citing to Rule Federal Rule of Civil Procedure 26(e), Plaintiff asks the Court allow Dr. Averill's newest report. *Id.* ¶ 4. Plaintiff argues that, in seeking as much, he is "only attempting to correct a defect in the report" and that he "submitted a timely report but is only trying to update it." *Id.* ¶ 5. Further, he conclusorily states that there "would be no prejudice to Defendant if the updated report is allowed." *Id.* According to Plaintiff, Dr. Averill's third report would "moot" Defendant's motion for summary judgment because the new report would cure the defect on which Defendant's motion is premised. *Id.* ¶ 6. For this reason, "Plaintiff [also] requests an extension of time to file a response to Defendant's motion for summary judgment to a time after the Court has had a chance to rule on the [present] motion." *Id.* In response, Defendant argues that granting a third amended report would be both improper, *see* Doc. [49] at 4–6 (arguing that Plaintiff has failed to satisfy any relevant standard),[*] and futile, *see id.* at 6–7 (asserting that the newest report could not withstand

---

[*] Specifically, Defendant discusses the "good cause" standard for granting an extension of time, *see* Fed. R. Civ. P. 6(b), as well as the "substantial justification" or "harmlessness" standards for permitting the use of untimely disclosed materials, *see* Fed. R. Civ. P. 37(c). Because Plaintiff does not move for relief under either of these rules or attempt to argue that any of these standards are satisfied under the circumstances, the Court does not analyze them. *Cf. United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (Ginsburg, J.) ("[O]ur system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." (cleaned up)).

summary judgment because it fails to "give causation opinions to a reasonable degree of medical certainty" as required under Missouri law).

The Court will deny Plaintiff's motion with respect to Dr. Averill's third report because the relief Plaintiff seeks falls outside of Rule 26(e)'s limited scope.  Under the rule, a party who has made a discovery disclosure "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . or (B) as ordered by the court."  Fed. R. Civ. P. 26(e).  This provision "does not . . . allow parties to disclose new expert opinions under the guise of supplementation." *Evans v. Krook*, 680 F. Supp. 3d 1080, 1105 (D. Minn. July 6, 2023); *see* 6 Moore's Federal Practice – Civil § 26.131 ("A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report.").

Here, it is apparent that Plaintiff seeks leave to submit a new expert opinion rather than merely clarify or supplement an old one within the meaning of Rule 26(e).  Indeed, "there is no evidence that Plaintiff[] subsequently learned of information of information that was previously unknown or unavailable to [him]" and is seeking to add that new information to Dr. Averill's report.  *Petrone v. Werner Enters.*, 940 F.3d 425, 434 (8th Cir. 2019) (holding that "the district court correctly determined that the revised report [was] not a Rule 26(e) supplement").  Nor is Plaintiff attempting to correct an error in Dr. Averill's prior report.  Instead, Plaintiff seeks leave to submit a new report only after Defendant's summary judgment motion revealed significant flaws in the current one.  Plaintiff's characterization that he "is only trying to update" or "correct a defect" in the report is belied by his contention that Dr. Averill's third report would "moot" Defendant's motion for summary judgment.  Doc. [48] ¶ 6.  Only a material alteration or a

substantive addition to the report could have such an effect, and Rule 26(e) does not permit as much. *See Williams v. Tesco Servs.*, 719 F.3d 968, 976 (8th Cir. 2013) (noting the inapplicability of Rule 26(e) where an expert "was materially altering, not merely clarifying his original report").

The Court proceeds to Plaintiff's request for an extension of time to respond to Defendant's motion for summary judgment. *Id.* ¶ 6.  Because Plaintiff moved for this extension before his response deadline expired, *see* E.D. Mo. L.R. 4.01(F) (setting a twenty-one-day deadline to oppose a motion for summary judgment), the Court can extend the deadline "for good cause." Fed. R. Civ. P. 6(b)(1)(A).  "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright v. Mt. Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citation omitted).  Upon consideration of all the relevant circumstances, the Court finds that there is sufficient good cause to warrant a modest extension.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Allow Updated Physician's Report and Extension of Time to Respond to Motion for Summary Judgment, Doc. [48], is **GRANTED** in part and **DENIED** in part as discussed herein.

**IT IS FURTHER ORDERED** that, no later than **June 02, 2025**, Plaintiff shall file his response in opposition to Defendant's motion for summary judgment.

Dated this 22nd day of May 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 5 -